**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

RHONDA JACKSON,

  Plaintiff,

v.

DOLGENCORP, LLC,

  Defendant.

CIVIL ACTION FILE
NO. 1:22-CV-01686-SEG-JEM

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Pending before the Court is Defendant's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. 3). For the reasons discussed below, the Court **RECOMMENDS** that the motion be **GRANTED.** Further, Plaintiff's request that the Court stay consideration of the motion to dismiss is **DENIED**. (Doc. 9 at 23-24).

**I.**    **BACKGROUND**

Plaintiff initiated her first case against Defendant—*Jackson I*, NDGA No. 1:21-CV-00828-MHC-JEM—on February 26, 2021, asserting that she was wrongfully terminated on July 2, 2019, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (Title VII). (*Jackson I*– Doc. 1). Plaintiff alleged that Defendant discriminated and retaliated against her based on her race and color, and also retaliated against her for complaining about the alleged discrimination. (*Id.*). Plaintiff did not include any claim for wrongful termination under the Family and Medical Leave Act (FMLA), 29

U.S.C. §2601, *et seq.*, in that complaint, though she attached an email that she sent to Defendant on July 11, 2019, in which she stated that Defendant had violated the FMLA.[1] (*Jackson I*–Doc. 1-6 at 1) ("I firmly believe that Dollar General . . . has violated FMLA"). Discovery ended in *Jackson I* on December 22, 2021, and on January 28, 2022, having received an extension of the deadline to file dispositive motions, Defendant timely filed a motion for summary judgment, which was fully briefed and ripe for review by April 28, 2022. (*Jackson I*–Docs. 32; 62-63; 72-73; 82-83).

On that same day, April 28, 2022, Plaintiff filed her second case against Defendant, which is the present action—*Jackson II*, NDGA No. 1:22-CV-01686-SEG-JEM. (Doc. 1).[2] Plaintiff's *Jackson II* complaint contains only one count, asserting that she was wrongfully terminated on July 2, 2019, in violation of the FMLA. (Doc. 1 at 9-11*). Plaintiff alleged that she engaged in statutorily protected activity by taking FMLA leave, and Defendant retaliated against her by terminating her employment. (*Id.*). Plaintiff attached the same email that she

---

[1] "A district court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment." *McCone v. Thorpe*, 828 F. App'x 697, 698 (11th Cir. 2020); *see also Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1076 n.9 (11th Cir. 2013)("Although this matter is before the court on a motion to dismiss, we may take judicial notice of the court documents from the state eviction action")(*citing Long v. Slaton*, 508 F.3d 576, 578 n.3 (11th Cir. 2007)(taking judicial notice of undisputed facts contained in a state agency investigative report and noting that the court is not always limited to the four corners of the complaint at the Rule 12(b)(6) stage)).

[2] Unless specifically noted as a cite to *Jackson I*, all cites are to the present J*ackson II* case, No. 1:22-CV-01686-SEG-JEM.

2

sent to Defendant on July 11, 2019, in which she stated that Defendant had violated the FMLA.[3] (Docs. 1 at 9-12; 1-3 at 1; *compare Jackson I*–Doc. 1-6 at 1).

A little over one month later, on June 9, 2022, in *Jackson I*, Plaintiff filed a motion to consolidate *Jackson I* and *Jackson II*, or alternatively, a motion for leave to file an amended complaint in *Jackson I* to add the FMLA claim that is alleged in her *Jackson II* complaint. (*Jackson I*–Doc. 84). On October 13, 2022, the undersigned denied Plaintiff's motion for leave to amend the complaint, having found that Plaintiff had not shown "good cause," as required under Rule 16(b), to amend her complaint nearly three years after the date she documented her awareness of a potential FMLA claim, nearly one year after the *Jackson I* amendment deadline, and nearly a month and a half after Defendant's motion for summary judgment had been fully briefed. (*Jackson I*–Doc. 103 at 3-6). The undersigned further recommended that the District Judge deny Plaintiff's motion to consolidate, in part because the two cases are in drastically different procedural postures, which generally renders consolidation inappropriate. (*Jackson I*–Doc. 103 at 6-9). As noted in the order, although a Magistrate Judge generally has authority to grant or deny a motion to consolidate, this case is

---

[3] The Court can consider exhibits attached to the operative complaint when ruling on a motion to dismiss. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016)("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls"); *see also* Fed. R. Civ. P. 10(c)("[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes").

3

unusual in that *Jackson II* was assigned to a different District Judge;[4] thus, out of an abundance of caution, the undersigned submitted a recommendation. (*Jackson I*–Doc. 103 at 9 n.3). To date, the District Judge for *Jackson I* has not entered a final ruling on the consolidation motion. (*Jackson I*–Dkt).

Meanwhile, in *Jackson II*, Defendant filed the pending motion to dismiss the complaint on June 14, 2022, asserting that Plaintiff's FMLA claim is barred by the claim splitting and claim preclusion doctrines because *Jackson II* involves the same parties and same transactions as *Jackson I*. (Doc. 3-1 at 2-7). In her response, filed on July 12, 2022, Plaintiff conceded that both *Jackson I* and *Jackson II* "arise from the same set of operative facts," which is the reason she sought consolidation, but she denied that she "slept on her rights." (Doc. 9 at 23). According to Plaintiff, upon discovering the additional FMLA cause of action at "the end of discovery in *Jackson I*," she promptly sought to amend her complaint in *Jackson I*, but Defendant "refused to allow an amendment," and warned Plaintiff's counsel that a motion seeking leave to amend "would likely be futile," which necessitated her filing *Jackson II*. (Doc. 9 at 2-6, 23-25). Plaintiff further requested that the Court stay consideration of the motion to dismiss in *Jackson II*, pending the resolution of Plaintiff's motion to consolidate in *Jackson I*.

---

[4] As shown on the civil cover sheet for *Jackson II*, Plaintiff did not disclose that *Jackson II* was related to *Jackson I*. (Doc. 1-5 at 1-2). In *Jackson II*, Defendant argues that this failure to disclose the related case was Plaintiff's attempt "to do an end-run around the good cause requirement of Federal Rule 16." (Doc. 10 at 1-2). But whether the failure to disclose was an intentional action or an error, both cases were referred to the undersigned, and in any event, it is not relevant to the analysis for the motion to dismiss in this case.

(Doc. 9 at 23-24). In reply, Defendant argued that the claim splitting doctrine applies, and that the delayed discovery rule does not save Plaintiff's claim because she was aware of her potential FMLA claim at the time she filed her complaint in *Jackson I*. (Doc. 10 at 2-8).

## II. DISCUSSION

### A. Standard

A Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim is the appropriate vehicle for asserting that a claim is barred by the claim splitting and res judicata/claim preclusion doctrines. *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 836 n.1 and 841 (11th Cir. 2017)(the claim-splitting defense, which is an aspect of res judicata or claim preclusion, may be raised by way of a Rule 12(b)(6) motion to dismiss). Generally, when evaluating a Rule 12(b)(6) motion to dismiss, the Court must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain sufficient facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. The plausibility standard is not akin to a "probability" requirement, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "And though a Court must accept as true all factual allegations, the same does not apply to legal conclusions. *Iqbal*, 556 U.S.

at 678. "[O]perating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and factfinding," but "[n]othing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989); *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011)("[l]egal conclusions without adequate factual support are entitled to no assumption of truth"). "On the contrary, if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." *Neitzke*, 490 U.S. at 327 (internal quotations and citations omitted).

A court generally cannot consider matters outside of a complaint when reviewing a Rule 12(b)(6) motion to dismiss. *See* Fed. R. Civ. P. 12(d)(requiring a court to treat a motion to dismiss as a Rule 56 motion for summary judgment when it does not exclude matters outside of the complaint). One exception to this rule, as noted above, is that a court may take judicial notice of public records in considering a motion to dismiss. *McCone*, 828 F. App'x at 698; *Lozman*, 713 F.3d at 1076 n.9; *Long*, 508 F.3d at 578 n.3. Another exception to the rule is that a court may consider a document attached to a Rule 12(b)(6) motion to dismiss without converting the motion into a Rule 56 motion for summary judgment if the document is "(1) central to the plaintiff's claim and (2) undisputed," meaning that "the authenticity of the document is not challenged." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). And indeed, a document need not even be physically attached to a pleading to be incorporated by reference if the document's contents are alleged in the complaint and no

party questions those contents. *Day*, 400 F.3d at 1276. In that case, provided that it meets the centrality requirement, the Court may consider the document. *Day*, 400 F.3d at 1276.

**B. Analysis**

First, the Court notes that Plaintiff used 18 pages of her response to discuss evidence obtained during discovery in *Jackson I*, and she attaches excerpts of the evidence as exhibits to the response. (Docs. 9 at 6-28; Docs. 9-1–9-10). The Court will not consider this evidence because it is "outside of the complaint" and it is not undisputed. (Doc. 10 at 8-9). Also, though Plaintiff did not actually file a motion seeking a stay, in her response, she requests that the Court stay consideration of the motion to dismiss pending the resolution of Plaintiff's motion to consolidate in *Jackson I*. (Doc. 9 at 23-24). Plaintiff's request is **DENIED**. As discussed above, in *Jackson I*, the undersigned recommended that the District Judge deny Plaintiff's' motion to consolidate. (*Jackson I*–Doc. 103 at 6-9). Turning to the merits of the present motion to dismiss, the Court **RECOMMENDS** that it be **GRANTED**.

The claim-splitting doctrine requires a plaintiff to assert all causes of action arising from a common set of facts in one lawsuit, and it applies when a second suit has been filed before the first suit has reached a final judgment. *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1236 (11th Cir. 2021). The two-factor test for determining if a party has improperly split claims among lawsuits, is "(1) whether the case involves the same parties and their privies, and (2) whether [the] separate cases arise from the same transaction or series of transactions." *Kennedy*, 998 F.3d at 1236; *Vanover*, 857 F.3d at 840-42 and n.3; *see*

*also Rumbough v. Comenity Cap. Bank*, 748 F. App'x 253, 255 (11th Cir. 2018) (explaining that in *Vanover*, the Court "adopted a rule against a plaintiff maintaining two separate actions involving the same subject matter, at the same time, in the same court, against the same defendant"). The two causes of action "arise from the same transaction or series of transactions when the two actions are based on the same nucleus of operative facts." *Kennedy*, 998 F.3d at 1236; *Vanover*, 857 F.3d at 842; *Rumbough*, 748 F. App'x at 255. "[A] new action will be permitted only where it raises <u>new and independent</u> claims, not part of the previous transaction, based on the new facts." *Kennedy*, 998 F.3d at 1236 (emphasis in original); *Rumbough*, 748 F. App'x at 255.

Here, it is undisputed that the second case—*Jackson II*—was filed before the first case—*Jackson I*—reached a final judgment; and it is also undisputed that the parties in *Jackson I* and *Jackson II* are identical, and both cases "arise from the same set of operative facts." (Doc. 9 at 1, 23). Thus, the claim splitting doctrine applies, and it precludes Plaintiff from splitting her claims between two cases. *Kennedy*, 998 F.3d at 1237 (affirming the district court's dismissal of count two for improper claim splitting); *Vanover*, 857 F.3d at 842-43 (finding no error in district court's dismissal of second lawsuit for improper claim-splitting; parties were identical, and all of the alleged wrongs by the defendant occurred prior to filing the complaint in the first lawsuit); *Rumbough*, 748 F. App'x at 256 (because plaintiff's claims in second action arose from the same "series of transactions" as those asserted in first action, he did not raise a "new and independent" claim, and the district court properly dismissed his second action for claim-splitting).

8

Plaintiff asserts, however, that the delayed discovery doctrine applies, and should prevent her FMLA claim from being barred. (Doc. 9 at 2, 25). "The delayed discovery rule prevents a cause of action from accruing until the plaintiff either knows or reasonably should know of the act giving rise to the cause of action." *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1271 (11th Cir. 2002); *Jiles v. United Parcel Serv., Inc.*, 413 F. App'x 173, 175 (11th Cir. 2011). According to Plaintiff, she did not discover the additional FMLA cause of action until "the end of discovery in *Jackson I*." (Doc. 9 at 2, 25). But Plaintiff's claim of late discovery is affirmatively contradicted by the email she attached to the complaint in both *Jackson I* and *Jackson II*. (Doc. 1-3 at 1; *Jackson I*–Doc. 1-6 at 1). In that email, which she sent to Defendant on July 11, 2019, she stated "I firmly believe that Dollar General . . . has violated FMLA." (*Id.*). Similar to the plaintiffs in *Trustmark* and *Jiles*, in which the Eleventh Circuit held that the delayed discovery rule did not apply, Plaintiff here fails to explain why she did not investigate her FMLA claim further at that time. (Doc. 9). Plaintiff "was not obliged to wait for discovery available after filing suit," and she "does not explain why [she] did not attempt to investigate the claims earlier." *Trustmark*, 299 F.3d at 1271; *Jiles*, 413 F. App'x at 175. "This is not a situation in which plaintiff had no means of knowing that a party breached the contract. Rather, this is a situation in which the plaintiff failed to investigate its claims in a timely manner in order to present them in the first litigation." *Trustmark*, 299 F.3d at 1271-72 (finding that the record belies plaintiff's reliance on the delayed discovery doctrine because every alleged breach of contract that plaintiff now

9

seeks to litigate occurred long before the first lawsuit was filed); *Jiles*, 413 F. App'x at 175.

Further, discovery ended in *Jackson I* on December 22, 2021, and even taking Plaintiff's assertion that she did not "discover" her FMLA claim until "the end of discovery in *Jackson I*" as true, which as discussed, is belied by the record, Plaintiff still waited four months, until April 28, 2022, to file her complaint in *Jackson II*, and she waited almost six months, until June 9, 2022, to seek to amend her *Jackson I* complaint. (Docs. 1; 9; *Jackson I*–Docs. 32; 84). Plaintiff fails to adequately explain that delay. (Doc. 9). She asserts that she promptly sought to amend her complaint in *Jackson I* upon discovering the FMLA claim, but Defendant "refused to allow an amendment," and warned Plaintiff's counsel that a motion seeking leave to amend "would likely be futile," which necessitated her filing *Jackson II*. (Doc. 9 at 2-6, 23-25). Plaintiff made this same argument in *Jackson I*, and the undersigned rejected it, finding that Defendant's refusal to consent to Plaintiff's request to amend the complaint did not foreclose Plaintiff from requesting leave to amend from the Court, nor was an opposing counsel's opinion about how the Court may rule a legitimate reason for failing to act. (*Jackson I*–Doc. 103 at 5-6).

Plaintiff also cites a Ninth Circuit case—*RA Med. Sys., Inc. v. PhotoMedex, Inc.*, 373 F. App'x 784 (9th Cir. 2010)—for the proposition that the prohibition on claim splitting is inapplicable when a defendant opposes consolidation because when it does so, it implicitly consents to the split claims. (Docs. 9 at 24-25). Defendant argues that the Ninth Circuit case is inapposite because, as shown by the underlying pleadings of that case, it did not involve the same subject matter,

same court, and same defendant at the same time. (Doc. 10 at 4-5). Notwithstanding that the Ninth Circuit case is not binding, and is also inapposite as Defendant cites, at least one District Judge in this Circuit has held the opposite of the Ninth Circuit—that "the failure of the defendant to object to the splitting of the plaintiff's claim is effective as an acquiescence in the splitting of the claim." *Interested Underwriters at Lloyd's v. M/T San Sebastian*, 508 F. Supp. 2d 1243, 1252–53 (N.D. Ga. 2007)(J. Duffey). Here, the Court finds that Defendant has not consented to splitting the claims, both because Defendant objected to it, and because Defendant expressly denies consent. (Doc. 10 at 4-5).

## III. CONCLUSION

For the above reasons, the Court **RECOMMENDS** that Defendant's Rule 12(b)(6) motion to dismiss the complaint, (Doc. 3), be **GRANTED.** Plaintiff's request that the Court stay consideration of the motion to dismiss is **DENIED**. (Doc. 9 at 23-24).

This is a Final Report and Recommendation, there is nothing further pending in this action, and the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned Magistrate Judge.

**SO RECOMMENDED, ORDERED** and **DIRECTED** this 10th day of November, 2022.

_____
J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE

11